# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID LEVOYD REED,<br><br>            Plaintiff(s),<br><br>v.<br><br>CLARK COUNTY DISTRICT ATTORNEY, et al.,<br><br>            Defendant(s). | Case No.: 2:20-cv-01274-APG-NJK<br><br>**ORDER AND REPORT AND RECOMMENDATION** |

Plaintiff is a detainee proceeding *pro se* in this action pursuant to 28 U.S.C. § 1915.  On July 8, 2020, Plaintiff filed an application to proceed *in forma pauperis* and submitted a complaint. Docket Nos. 1, 1-1.  On September 3, 2020, the Court granted Plaintiff's application to proceed *in forma pauperis*.  Docket No. 10.  On September 18, 2020, the Court received Plaintiff's initial partial payment of his filing fee.  Docket No. 11.  The Court will now screen Plaintiff's complaint.

## I.   LEGAL STANDARD

Upon granting an application to proceed *in forma pauperis*, courts screen the complaint. 28 U.S.C. § 1915(e).  Section 1915(e) permits courts to dismiss a case if the action is legally "frivolous or malicious," the complaint fails to state a claim upon which relief may be granted, or the plaintiff seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6)[1] of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6)

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Additionally, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     ANALYSIS

Plaintiff asserts several claims against the Clark County District Attorney, Chief Deputy District Attorney Shannon Clowers, Deputy District Attorney Ekaterina Derjavina, Deputy District Attorney Parker Brooks, and Deputy District Attorney Jeff Rogan ("Defendants"). Docket No. 1-1 at 1–3. Plaintiff seeks to sue Defendants in both their official and personal capacities. *See id.*

Plaintiff's claims arise out of his allegations that Defendants have conspired with the Las Vegas Metropolitan Police Department ("LVMPD") to prevent him from exposing investigative misconduct in his pending state criminal case. *See id.* Plaintiff alleges that Defendant Rogan conspired with LVMPD to manufacture probable cause. *See id.* at 7–11. Plaintiff alleges that, in furtherance of this conspiracy, the Clark County District Attorney and Defendant Clowers pursued criminal charges against him. *See id.* at 6, 7, 10, 12, 18. Plaintiff further alleges that Defendant Clowers lied when, in response to Plaintiff's motion for specific discovery in his state criminal

2

proceeding, she stated that she had produced all reports to Plaintiff. *See id.* at 5, 12. Plaintiff alleges that Defendant Derjavina also lied when she stated in state court that she had provided discovery to Plaintiff's special public defender. *See id.* at 15–17. Plaintiff further alleges that Defendant Brooks either withheld or destroyed exculpatory evidence. *See id.* at 13–14. Plaintiff alleges that Defendants concealed their conspiracy by preventing him from attending proceedings in his state criminal case. *See id.* at 21.

Based on these allegations, Plaintiff asserts federal constitutional claims arising under 42 U.S.C. § 1983 and state law claims. *See id.* at 1, 3, 13, 15. Plaintiff seeks both declaratory and injunctive relief, and $240,000,000 in compensatory and punitive damages. *See id.* at 22–27.

### A. Plaintiff's claims for declaratory and injunctive relief

Plaintiff seeks a declaration that Defendants engaged in a conspiracy against him and violated his federal constitutional rights. *See id.* at 22–23. Plaintiff also requests injunctive relief in the form of what appears to be a request to enjoin his state criminal case.[2] *See id.* Under the *Younger* abstention doctrine, federal courts may not interfere with a pending state proceeding and issue declaratory or injunctive relief, even if there is an allegation of a constitutional violation, unless "extraordinary circumstances" exist. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). To determine whether it should refrain from interfering with a state proceeding, a federal court must consider whether the state proceeding is ongoing; whether the state proceeding implicates an important state interest; and whether there is an adequate opportunity in the state proceeding to raise constitutional challenges. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). If the federal court affirmatively answers these three questions, then it must refrain from interfering with the state proceeding. *See Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004). The federal court is not required to find that it would directly interfere in the state proceeding to conclude that it must refrain from interfering with that state proceeding. *See id.*

---

[2] Plaintiff requests "preliminary" relief in the form of a temporary restraining order and "permanent" relief in the form of an order restraining Defendants from prosecuting him and destroying evidence. Docket No. 1-1 at 23.

3

The factors the Court must consider in applying the *Younger* abstention doctrine militate against interfering with Plaintiff's state criminal proceeding. First, Plaintiff's state criminal proceeding is ongoing.[3] *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution"). In addition, Plaintiff's state criminal proceeding involves important state interests. *See Potrero Hills Landfill, Inc. v. Cty. of Solano*, 657 F.3d 876, 883 (9th Cir. 2011) ("Where the state is in an enforcement posture in the state proceedings, the 'important state interest' requirement is easily satisfied, as the state's vital interest in carrying out its executive functions is presumptively at stake"). Plaintiff also has adequate opportunity in his state criminal proceeding to raise constitutional challenges. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"). Plaintiff may file, and, if necessary, appeal, a motion to suppress or a *Brady* motion to vindicate his allegations that Defendants fabricated evidence and/or failed to disclose exculpatory evidence.[4] If Plaintiff seeks to challenge his absence at court proceedings, he may also raise his constitutional right to be present at all critical stages of his state criminal proceeding in the state court system.[5] The Court therefore finds that it must refrain from interfering with Plaintiff's ongoing state criminal proceeding.

---

[3] The Court takes judicial notice of the Clark County Eighth Judicial District Court website, which lists Plaintiff's state criminal case as pending. *See Daniel-Halls v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice of government websites).

[4] Plaintiff alleges that Defendants conspired with LVMPD to prevent him from filing a motion to suppress in his state criminal case. *See* Docket No. 1-1 at 17. However, Plaintiff provides no well-pled factual allegations to support this allegation. *See Iqbal*, 556 U.S. at 779. Moreover, Plaintiff does not allege that he has sought relief in the state appellate courts. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 2 (1987) ("So long as such challenges relate to pending state proceedings, proper respect for the ability of state courts to resolve federal questions presented in state court litigation mandates that the federal court stay its hand").

[5] Plaintiff alleges that Defendants conspired against him by preventing him from filing habeas petitions. *See* Docket No. 1-1 at 17. It is unclear on what basis Plaintiff has sought habeas relief, as he has not been convicted. *See Scott v. Robertson*, 2018 WL 4352950, at *2 (D. Nev. Sept. 11, 2018) ("A writ of habeas corpus allows a petitioner to challenge the validity of a judgment entered against him").

Accordingly, the Court recommends dismissal of Plaintiff's federal constitutional claims for declaratory and injunctive relief against Defendants. *See Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) ("When an injunction is sought and *Younger* applies, it makes sense to abstain, that is, to refrain from exercising jurisdiction, permanently by dismissing the federal action because the federal court is only asked to stop the state proceeding").

### B. Plaintiff's claims for monetary damages

Plaintiff also seeks $240,000,000 in compensatory and punitive damages. *See* Docket No. 1-1 at 24–27. The Eleventh Amendment bars damages actions against a state in federal court. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). This bar extends to state officials sued in their official capacities. *See Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708, 714 (9th Cir. 1995). Plaintiff alleges that each Defendant is a state prosecutor. Docket No. 1-1 at 2–3. Thus, the Eleventh Amendment bars Plaintiff's claims for damages against Defendants in their official capacities. Accordingly, the Court recommends dismissal of Plaintiff's claims for damages against Defendants in their official capacities.

State officials remain liable in their personal capacities under § 1983 if a plaintiff shows "that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky*, 473 U.S. at 166. However, "[a] state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities 'intimately associated with the judicial phase of the criminal process.'" *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). A state prosecutor is also entitled to qualified immunity when he or she performs "investigative functions normally performed by a detective or police officer." *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997). To determine whether Defendants in the instant case are entitled to prosecutorial immunity, the Court must consider "the nature of the function performed, not the identify of the actor who performed it." *Id.* at 127. The Court therefore assesses Plaintiff's claims for damages against Defendants in their personal capacities based on each Defendant's allegedly unconstitutional conduct. *See Botello v. Gammick*, 413 F.3d 971, 976 (9th Cir. 2005) ("[W]hether

5

a prosecutor benefits from absolute or qualified immunity depends on which of the prosecutor's actions are challenged").

Plaintiff alleges that the Clark County District Attorney and Defendant Clowers acted unconstitutionally when they initiated and pursued criminal charges against him. *See* Docket No. 1-1 at 6, 7. Plaintiff alleges that these Defendants were aware that LVMPD had engaged in investigative misconduct and, therefore, should have declined to pursue criminal charges against him. *See id.* "[S]tate prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process[.]'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 431). State prosecutors are also "absolutely immune from liability for failure to investigate the accusations against a defendant before filing charges." *Broam*, 320 F.3d at 1029. Consequently, absolute immunity bars Plaintiff's claim for damages against the Clark County District Attorney and Defendant Clowers in their personal capacities for initiating and pursuing a criminal case against him; thus, the Court recommends dismissal of these claims.

To the extent Plaintiff alleges that Defendants Clowers and Derjavina engaged in unconstitutional conduct by failing to preserve or disclose exculpatory evidence, absolute immunity also bars his claims for damages against these Defendants in their personal capacities. Plaintiff alleges that Defendant Clowers engaged in unconstitutional conduct when she stated that "all reports had been provided" in response to Plaintiff's motion for specific discovery. Docket No. 1-1 at 5. Plaintiff also cites court minutes from his state criminal proceeding and appears to allege that Defendant Derjavina engaged in unconstitutional conduct by representing to the state court that she had provided discovery to Plaintiff's special public defender. *See id.* at 15, 93. A state prosecutor's failure to preserve or disclose exculpatory evidence before trial is "an exercise of the prosecutorial function and entitles the prosecutor to absolute immunity from a civil suit for damages." *Broam*, 320 F.3d at 1030. As a result, absolute immunity bars Plaintiff's claims for damages against Defendants Clowers and Derjavina in their personal capacities for failing to

preserve or disclose exculpatory evidence; accordingly, the Court recommends dismissal of these claims.

Plaintiff further alleges that Defendant Brooks infringed upon his constitutional rights when he either withheld or destroyed exculpatory aerial video footage from LVMPD. *See* Docket No. 1-1 at 13–14. Plaintiff has a constitutional due process right to exculpatory material. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). Nonetheless, absolute immunity bars Plaintiff's claim against Defendant Brooks for allegedly withholding the aerial video footage for the same reasons that absolute immunity bars Plaintiff's claims against Defendants Clowers and Derjavina for allegedly failing to preserve or disclose exculpatory evidence.

Whether Defendant Brooks is entitled to absolute immunity for destroying exculpatory evidence presents a distinct question. Courts in this Circuit have assessed a prosecutor's entitlement to absolute immunity for destroying exculpatory evidence differently. *Compare, e.g.*, *Blaine v. Klein*, 2010 WL 5313488, at *5 (C.D. Cal. Dec. 17, 2010) ("Courts have afforded [absolute] immunity even when the prosecutor allegedly . . . concealed, spoliated or destroyed exculpatory evidence"), *with Khanna v. State Bar of Cal.*, 505 F. Supp. 2d 633, 646 (N.D. Cal. 2007), *aff'd*, 308 F. App'x 176 (9th Cir. 2009) ("[T]he Court concludes that the alleged acts of suborning perjury and conspiring to destroy exculpatory evidence are not protected by absolute prosecutorial immunity"); *see also Fitzhugh v. Miller*, 2020 WL 1640495, at *8 (D. Ariz. Apr. 2, 2020) ("[C]ourts have held that a prosecutor's decision to withhold evidence by failing to disclose it—which is different from affirmatively destroying evidence—falls within the ambit of absolute immunity").[6] In light of this tension, the Court recommends that Plaintiff's claim for damages against Defendant Brooks in his personal capacity for destroying exculpatory evidence be stayed pending the resolution of his state criminal case. *See Chavez v. Robinson*, 817 F.3d 1162, 1169 (9th Cir. 2016), *as amended on reh'g* (Apr. 15, 2016) (finding *pro se* "complaints frequently lack sufficient information for a judge to make a qualified immunity determination without the benefit

---

[6] The Ninth Circuit has not addressed whether a prosecutor is entitled to absolute or qualified immunity for destroying exculpatory evidence, and other circuits have reached different conclusions on that question. *See Marchelletta v. Bergstrom*, 752 F. App'x 724, 732 n.3 (11th Cir. 2018) (noting out-of-circuit cases with different conclusions).

of a responsive pleading or discovery"); *Gilbertson*, 381 F.3d at 968 (holding federal court should stay damages action, where *Younger* abstention doctrine applies and state proceeding is ongoing, until state proceeding is completed).

Plaintiff further alleges that Defendant Rogan conspired with LVMPD to manufacture probable cause. *See* Docket No. 1-1 at 7–11. Plaintiff appears to allege that Defendant Rogan's unconstitutional actions consist of advising LVMPD to conduct a knock and talk at Plaintiff's residence and to obtain consent to search the residence for stolen items. *See id.* at 8. Plaintiff has a "constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001). Moreover, "prosecutors are not entitled to absolute immunity for their actions in giving legal advice to the police." *Buckley v. Fitzsimmons*, 509 U.S. 259, 271 (1993). "A prosecutor may only shield his investigative work with qualified immunity." *Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 642 (9th Cir. 1999). Thus, the Court recommends that Plaintiff's damages claim against Defendant Rogan in his personal capacity for conspiring with LVMPD to manufacture probable cause be stayed pending the resolution of his state criminal case. *See Chavez*, 817 F.3d at 1169; *Gilbertson*, 381 F.3d at 968.

Finally, Plaintiff alleges that Defendants concealed their conspiracy by preventing him from attending proceedings in his state criminal case. *See* Docket No. 1-1 at 21. Plaintiff has a constitutional right "to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). Preventing Plaintiff from attending critical stages in his state criminal proceeding is not a prosecutorial function "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. Thus, Defendants are not entitled to absolute immunity for these allegations. Accordingly, the Court recommends that Plaintiff's damages claim against Defendants in their personal capacities for preventing Plaintiff from attending proceedings in his state criminal case be stayed pending the resolution of his state criminal case. *See Chavez*, 817 F.3d at 1169; *Gilbertson*, 381 F.3d at 968.

### C. Plaintiff's state law claims

Plaintiff asserts several claims under Nevada law. *See* Docket No. 1-1 at 1, 3, 13, 15. Given that the Court recommends that some of Plaintiff's federal claims be stayed pending the resolution of his state criminal case, the Court also recommends that Plaintiff's state law claims be stayed pending the resolution of his state criminal case. *See* 28 U.S.C. § 1367(c)(3); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir.1997) (district court has discretion to keep state law claims under conditions set forth in § 1367(c)).

## III. CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. The Clerk's Office SHALL FILE the Complaint, Docket No. 1-1, but SHALL NOT issue summons.

**IT IS RECOMMENDED** that:

1. The deficient claims, as identified above, be DISMISSED.
2. The sufficient claims for screening purposes, as identified above, be STAYED pending the resolution of Plaintiff's state criminal case.
3. The Clerk's Office be instructed to ADMINISTRATIVELY CLOSE this case.
4. Plaintiff be required to file a request to reopen this case within 30 days of the final disposition of his criminal case if he wishes to proceed.

Dated: October 30, 2020

Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).